J-S49011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SCOTT ADLEY | : | |
| | : | |
| Appellant | : | No. 529 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 23, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001117-2013

BEFORE: SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 21, 2018**

Robert Scott Adley ("Appellant") appeals from the judgment of sentence imposed on October 23, 2017. We affirm.

The trial court summarized the history of this case as follows:

> [Appellant] was charged with one count of Criminal Attempt/Criminal Homicide, one count of Aggravated Assault, one count of Endangering the Welfare of Children ("EWOC"), and one count of Simple Assault[1] as a result of the severe injuries he inflicted on his four-month-old daughter during the period from March 15 through July 23, 2013[,] while she was under his care. On January 23, 2014, [Appellant] entered a guilty plea pursuant to a negotiated plea agreement by which the Criminal Attempt/Criminal Homicide charge was *nol prossed* and an open plea was entered on the other charges. On February 26, 2014, [the trial court] imposed a sentence of seven and one-half to fifteen years on the Aggravated Assault charge, a consecutive sentence of one to five years for the EWOC charge, and the Simple Assault charge merged.
>
> [1] Counts 1 through 4, 18 Pa.C.S.A. §§901, 2501(a), 18 Pa.C.S.A. §2702(a)(1), 18 Pa.C.S.A.

_____

§ 4304(a)(10), and 18 Pa.C.S.A. § 2701(a)(1), respectively.

\* \* \*

[Appellant] filed a Post-Sentence Motion challenging the discretionary aspects of his sentence, charging that [the trial court] had abused [its] discretion in imposing a sentence in the aggravated range on the Aggravated Assault charge and that the 8 ½ to 20 year aggregate was excessive. [The trial court] denied that Motion by Order of July 3, 2014 and the judgment of sentence was affirmed by the Superior Court of Pennsylvania by decision issued January 28, 2015.[1]

Thereafter, [Appellant] filed a *pro se* Petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §9541 *et seq.* alleging ineffective assistance of counsel and challenging the legality of his sentence on the basis of **Alleyne v. United States**, 133 S.Ct. 2151 (2013). [The PCRA court] appointed PCRA counsel and conducted a hearing on the Petition on August 18, 2016. On March 23, 2017, [the PCRA court] issued an Order and Opinion indicating that [it] found no merit to [Appellant's] allegations of error on the part of counsel; however, [the PCRA court] vacated [Appellant's] sentence and scheduled resentencing without consideration of the mandatory minimum five-year sentence, 42 Pa.C.S.A. §9718, for the charge of Aggravated Assault of persons under the age of thirteen.[2]

---

[1] **Commonwealth v. Adley**, 118 A.3d 457, 1312 MDA 2014 (Pa. Super. filed January 28, 2015) (unpublished memorandum).

[2] The PCRA court's decision to grant collateral relief on Appellant's sentencing issue is perplexing. In affirming Appellant's judgment of sentence, we acknowledged that:

a mandatory minimum statute exists for Appellant's aggravated assault crime. 42 Pa.C.S. § 9718. Based on decisions from this Court, it appears that imposing such a mandatory sentence is illegal. **See Commonwealth v. Wolfe**, 2014 PA Super 288; **cf. Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). However, the sentencing court exceeded the mandatory

On October 23, 2017[, the trial court] resentenced [Appellant] to an aggregate term of 8 ½ to 20 years. He has filed a Post-Sentence Motion again challenging the discretionary aspects of his sentence.

PCRA Court Opinion, 3/2/18, at 1–4.

Initially, we must address a procedural issue caused by Appellant's untimely filing of a post-sentence motion. A timely post-sentence motion tolls the appeal period. Pa.R.Crim.P. 720(A)(1). An untimely post-sentence motion does not. **Commonwealth v. Femlee**, 828 A.2d 1105 (Pa. Super. 2003) (*en banc*). Moreover, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). However, this Court will address an otherwise untimely appeal if fraud or a breakdown in the trial court's processes resulted in the untimely filing. **Commonwealth v. Khalil**, 806 A.2d 415, 420 (Pa. Super. 2002).

Here, the PCRA court resentenced Appellant on October 23, 2017, and Appellant filed his post-sentence motion on November 8, 2017, six days beyond the ten-day period. The PCRA court then denied Appellant's post-sentence motion on March 2, 2018, and Appellant filed the instant appeal on March 19, 2018.

_____

minimum sentence; hence, the court did not sentence the defendant based on that statute, and his sentence is not illegal.

**Adley**, 118 A.3d 457, 1312 MDA 2014 (unpublished memorandum at n.1). Despite our comments, the PCRA court resentenced Appellant, recognizing that doing so was "unusual" in light of the fact that it "did not sentence [Appellant] applying [a] minimum." N.T., 10/23/17, at 6.

- 3 -

Because Appellant filed an untimely post-sentence motion, and the common pleas court docket does not indicate that Appellant was granted permission to file a post-sentence motion *nunc pro tunc*, this Court directed Appellant to show cause why the instant appeal should not be quashed as untimely. Order, 5/17/18. Appellant filed a counseled response on May 23, 2018. In the response, counsel explained that the PCRA court resentenced Appellant *via* video conferencing and that, typically, the video feed terminates as soon as the judge concludes the proceeding; therefore, counsel had no opportunity to discuss with Appellant whether he wanted to appeal. Appellant's Response to the Court's Order to Quash, 5/23/18, at ¶¶ 4, 5. Counsel further responds that on October 24, 2017, the day after sentencing, she contacted SCI Huntingdon where Appellant was incarcerated and requested a telephone conference with him to discuss whether he desired to appeal; SCI Huntingdon could accommodate a conference only on November 3, 2017—one day beyond the ten-day period for filing a post-sentence motion. *Id.* at ¶¶ 6, 7. After speaking with Appellant on November 3, 2017, at which time he expressed his wish to appeal, counsel prepared a post-sentence motion, which was docketed on November 8, 2017. *Id.* at ¶¶ 8, 9. Counsel argues that this appeal should not be quashed as untimely because when she was able to speak with Appellant regarding his desire to appeal was beyond her control. *Id.* at ¶ 14. Counsel also points out that the PCRA court did not deny Appellant's post-sentence motion as untimely; rather, it awarded

Appellant thirty days to appeal from its March 1, 2018 order, denying the post-sentence motion. *Id.* at ¶¶ 15, 16. The Commonwealth does not challenge this appeal as untimely.

Our review of the sentencing transcripts reveals a breakdown in the trial court's operation different from the one proffered by Appellant's counsel in response to our show-cause order. At the end of the sentencing hearing, the following exchange regarding Appellant's post-sentencing rights occurred:

> [DEFENSE COUNSEL]: Just for the record, [Appellant's] post-sentencing rights, I will file them with the Clerk of Courts. It was my error not sending them out to him and having him return them in a timely manner, so I will send them to him so he can complete them, and I will file them with the Clerk of Courts.
>
> THE COURT: Thank you very much. I will complete the Order. You'll get a copy of the sentencing order here today. We'll recess.

N.T., 10/23/17, at 11. Pursuant to our Rules of Criminal Procedure, at the time of sentencing, the judge:

> shall determine on the record that the defendant has been advised of . . . the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]

Pa.R.Crim.P. 704(c)(3)(a). Clearly, at the time of Appellant's sentencing, he had not been advised of his post-sentencing rights.[3] Out of an abundance of

---

[3] Counsel filed Appellant's Written Post-Sentence Colloquy on November 6, 2017. Docket Entry No. 61.

caution, therefore, we shall treat this violation of Rule 704(c)(3)(a) as a breakdown in the operation of the court and address this untimely appeal.

Appellant's sole issue on appeal is: "Whether Appellant received an unfair, excessive, and/or illegal sentence of eight-and-one-half (8½) to twenty (20) years' incarceration in light of several mitigating factors and lack of reasoning being placed on the record." Appellant's Brief at 4. This issue presents a challenge the discretionary aspects of Appellant's sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and his challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate whether: (1) Appellant filed a timely notice of appeal; (2) Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912–913.

In the instant case, Appellant included a Rule 2119(f) statement in his brief. Also, because we have decided to treat Appellant's appeal as timely filed, we will consider his post-sentence motions as timely filed. Therein, Appellant preserved his claims that the sentence was excessive, that the trial court failed to consider mitigating factors, and that the trial court failed to provide sufficient reasons for the sentence on the record. However, Appellant's post-sentence motion did not raise a claim that the trial court considered only the elements of the crime itself when considering the aggravating factors, and Appellant did not object at the sentencing hearing. Therefore, this claim is waived. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Reeves*, 778 A.2d 691, 692-93 (Pa. Super. 2001) (noting waiver is appropriate where the appellant failed to provide the trial court with an opportunity to consider the claim or correct its error).

Next, we must determine whether Appellant has raised a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). *Moury*, 992 A.2d at 170. The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing process. *Sierra*, 752 A.2d at 912–913. "[W]e cannot look

beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Knox***, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)).

In his Rule 2119(f) statement, Appellant avers that his sentence was excessive because the sentencing court "failed to consider the numerous mitigating factors of this case[.]" Appellant's Brief at 8. "An excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (citation omitted). Therefore, we will consider Appellant's arguments that the aggravated range sentence was excessive and that the trial court failed to consider mitigating factors.

Appellant also assails the trial court for not placing "a statement of reasons on the record at the time of Appellant's resentencing." Appellant's Brief at 10. Appellant included this claim in his post-sentence motion, but not in his Rule 2119(f) statement; however, the Commonwealth has not objected. Therefore, we will review the merits of this claim as well. ***See***

***Commonwealth v. Patterson***, 180 A.3d 1217, 1232 (Pa. Super. 2018) ("[T]he Commonwealth's failure to object to or otherwise assert the defect in the form of Appellant's brief has resulted in a waiver of the defect." ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa. Super. 2003) (citations omitted)).

Our standard of review follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In order to establish that the sentencing court abused its discretion, the defendant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. To determine whether the trial court made the proper considerations during sentencing, an appellate court must, of necessity, review all of the judge's comments.

***Commonwealth v. Luketic***, 162 A.3d 1149, 1163 (Pa. Super. 2017).

Appellant argues that the trial judge failed to consider the numerous mitigating factors in this case. Appellant's Brief at 9. We observe that Appellant's argument lacks cogent legal analysis supported by relevant authority and citation to the certified record. ***See*** Pa.R.A.P. 2119(a)–(c) (requiring claims to be presented in the argument section with discussion and citation of pertinent authorities and reference to the record). Specifically, Appellant has not identified which criminal elements the trial court considered

or any mitigating factors in support of his position. Appellant's Brief at 9–12. Therefore, we deem this argument waived. *See Commonwealth v. Delvalle*, 74 A.3d 1081, 1086–1087 (Pa. Super. 2013) (finding claims waived for failure to develop them meaningfully in body of brief).

Appellant also argues that the trial court failed to place adequate reasons on the record for the aggravated range sentence. Appellant's Brief at 10. According to Appellant, "the sentencing judge simply stated that he was adopting the comments and reasons that he put on the record at the sentencing hearing on February 26, 2014 and that he feels the same way now as he did then when Appellant was originally sentenced." *Id.* at 11. Appellant further complains that the victim's mother did not provide an update on the victim's condition. *Id.*

The trial court disposed of these claims as follows:

> In his present Post-Sentence Motion, [Appellant] contends that [the PCRA court] did not state sufficient reasons on the record for imposing a sentence in the aggravated range for Aggravated Assault when he was resentenced on October 23, 2017 and complains that there was no update placed on the record from the child's mother at resentencing. In addition, [Appellant] charges that he has been prejudiced by [the trial court] again imposing what he claims to be an "unfair and excessive" sentence.
>
> At the resentencing, [the PCRA court] noted [its] review of the transcript of the original sentencing on February 26, 2014, commenting:
>
> > "I would adopt as part of that proceeding today the comments and the reasons that I set forth on that day. Nothing has changed for me. I feel the same way about the offenses that occurred. I feel the same way about the punishment that should be imposed.

And again, the sentence that I had selected back three-and-a-half years ago was not related to the mandatory sentence . . . . The sentence today is not based on the consideration of the mandatory minimum for that offense. I think it was clear from my comments back on February of 2014 why I chose the sentence that I did and I see no reason to deviate from that today."

N.T. [10]/23/17, at 7.

[The PCRA court] believe[s] that these comments sufficed to explain [its] overall sentence, including the decision to sentence [Appellant] within the aggravated range for his crime of Aggravated Assault. [Appellant's] continued infliction of physical abuse on a helpless infant, his own daughter, such that she could have been paralyzed or impaired for her entire life, in derogation of his parental duty to protect his child, fully justified the sentence [the trial court] imposed. [Appellant's] sentence was not based on any partiality, prejudice, bias or ill will on the part of the [trial c]ourt, but was the result of his own actions and the effect on his innocent victim. Based on these considerations, the sentence was clearly not unfair or excessive by any means[.]

At the resentencing hearing on October 23, 2017, the District Attorney explained that the Commonwealth had not reached out to the victim's mother at the time of resentencing as she had been in agreement with the original offer which had not included the mandatory minimum and that what the Commonwealth felt was appropriate had not changed for resentencing. [The PCRA court] agree[d] with the Commonwealth as [the PCRA court] [saw] no reason that the victim's mother should have been requested to relive the events of [Appellant's] crimes against her infant daughter at his resentencing. [Appellant] was not prejudiced by her absence as the sentence imposed would have been no different had the victim's mother appeared and given a statement at that time.

PCRA Court Opinion, 3/2/18, at 5–7.

Our careful review of the record reveals that the PCRA court did not abuse its discretion in resentencing Appellant. As set forth above, the PCRA

- 11 -

court relied on its reasons for imposing the original sentence as support for again imposing an aggravated sentence. *Id.* at 7−8. Those reasons included the age of the victim, the extent of the injuries inflicted on the victim, Appellant's role in causing the injuries, Appellant's violation of his parental duty, and the fact that this was not a single incident of abuse. N.T., 2/26/14, at 9−11. Additionally, the PCRA court had the benefit of a pre-sentence investigative report, and it was aware of the sentencing guidelines and the Commonwealth's sentencing recommendations. N.T., 2/26/14, at 9; N.T., 10/23/17, at 4. Moreover, we agree with the trial court that an update from the victim's mother was not warranted.

We reiterate: "Sentencing Appellant to an aggravated range sentence where he brutally abused his four month old daughter is not unreasonable." *Adley*, 1312 MDA 2014 (unpublished memorandum at n.1). Moreover, the PCRA court stated sufficient reasons on the record in resentencing Appellant. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2018

- 12 -